IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SAMIRAKAN UMETALIEVA and
SOFIIA UMETALIEVA

    Petitioners,

v.                                                                    No. 2:26-cv-01004-KG-GBW

DORA CASTRO, et al.,

    Respondents.

## <u>MEMORANDUM ORDER AND OPINION</u>

This matter is before the Court on Petitioners Samirakan Umetalieva and Sofiia

Umetalieva's Petition for Writ of Habeas Corpus, Doc. 1, and Emergency Motion for a

Temporary Restraining Order ("TRO"), Doc. 4.  For the reasons below, the Court grants the

petition and orders Respondents to release Petitioners.  Petitioners' request for a TRO is denied

as moot.

## I.    *Background*

Petitioners are mother and daughter.  Doc. 1 at 1.  Petitioner Samirakan Umetalieva is a

native of Kyrgyztan and citizen of Russia.  *Id.* at 4.  Petitioner Sofiia Umetalieva is a native and

citizen of Russia.  *Id.*  On December 25, 2021, Petitioners arrived at a port of entry to the United

States and, after inspection, were released with conditions under the Alternative to Detention

program.  Doc. 1 at 4, Doc. 8 at 2.  An Immigration and Customs Enforcement ("ICE") system

check showed that Petitioners stopped reporting for immigration check-ins after November 24,

2024.  Doc. 8 at 2.  Petitioners otherwise have no criminal history.  Doc. 1 at 5.  On December

18, 2025, ICE arrested and detained Petitioners for removal proceedings.  *Id.*  Petitioners are

1

currently detained at the Otero County Processing Center in Chaparral, New Mexico.  Doc. 1 at 5.

Petitioners argue that (1) Respondents improperly detained them under 8 U.S.C. § 1225, and (2) their continued detention without a bond hearing as required under 8 U.S.C. § 1226 violates due process.  Doc. 1 at 13–14.  Respondents filed a motion to dismiss Petitioners' habeas petition and motion for TRO, asserting that Petitioners are "arriving aliens" and thus subject to mandatory detention under § 1225.  Doc. 8 at 1.

## II.      Standard of Review

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement."  *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 687 (2011).

## III.     Analysis

The Court concludes that Petitioners' detentions violate the INA and the Due Process Clause of the Fifth Amendment and that release is warranted.

### A.      Petitioner's detention violates the INA.

"Sections 1225 and 1226 govern the detention of noncitizens prior to a final order of removal."  *Cortez-Gonzalez v. Noem*, 811 F. Supp. 3d 1287, 1295 (D.N.M. 2025).  Section 1225(b) applies to "applicants for admission" who are "seeking entry into the United States."  *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018); § 1225(b).  The provision mandates detention of applicants "seeking admission," "until certain proceedings have concluded."  *Id.*; *see also Requejo Roman v. Castro,* 2026 WL 125681, at *8 (D.N.M.).

By contrast, § 1226 "applies to [noncitizens] already present in the United States." *Id.* at 303. Section 1226 permits, but does not require, the Attorney General to arrest and detain a noncitizen pending removal proceedings. *Id.* "Noncitizens detained pursuant to § 1226(a) are therefore generally entitled to individualized bond hearings as described by federal regulation." *Cortez-Gonzalez*, 811 F. Supp. 3d at 1295.

Consistent with the overwhelming majority of district courts to consider the issue, the Court concludes that § 1226 governs here.[1] *See Barco Mercado v. Francis*, 2025 WL 3295903, at *13 (S.D.N.Y.) (collecting 362 district-court opinions nationwide and noting that challengers prevailed in at least 350 of them, in decisions by over 160 judges across fifty courts). Noncitizens, like Petitioners, who reside in the country are "no longer seeking to enter the United States (lawfully or otherwise)—they are already here." *Cortez-Gonzalez*, 811 F. Supp. 3d at 1296 (internal quotation marks and citation omitted). Upon entering the United States in 2021, Petitioners were inspected and released under supervision—not detained at the border. Doc. 1 at 4–5. ICE later arrested Petitioners in the interior nearly four years after their initial entry. Doc. 8 at 2. Thus, § 1225's mandatory detention provision does not apply because Petitioners have already effected an entry into the United States. *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *3 (D.N.M.). Petitioners' continued detention without a bond hearing therefore violates the INA. *See, e.g.*, *Arroyo Lopez v. Noem*, 2026 WL 776332, at *3 (D.N.M.) (concluding that petitioner's detention under § 1225, despite prior entry into the United States, violated INA); *Aguilar v. Lyons*, 2026 WL 851237, at *2 (D.N.M.) (same).

---

[1]The Court acknowledges the recent Fifth Circuit decision holding that "[w]hile [noncitizens] remain applicants" for admission, "they are...seeking admission." *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330, at *5 (5th Cir.). The Tenth Circuit has not yet addressed this question.

### B.    *Petitioner's detention violates the Due Process Clause.*

The Fifth Amendment's Due Process Clause prohibits the Government from depriving any person of "life, liberty, or property, without due process of law[.]"  U.S. Const. amend. V.  "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects."  *Zadvydas*, 533 U.S. at 690.  "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings."  *Reno v. Flores*, 507 U.S. 292, 306 (1993); *see also Zadvydas*, 533 U.S. at 693.  Respondents' power to admit or exclude aliens is no longer plenary once an alien enters the country, because the Due Process Clause applies to "all persons." *Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("Once an alien gains admission to our country and begins to develop the ties that go with permanent residence his constitutional status changes accordingly.").  Given that § 1226(a) is controlling here, Petitioners are "entitled—as a right—to an individualized bond hearing."  *Cortez-Gonzalez v. Noem*, 2025 WL 3485771, at *5 (D.N.M.). Petitioners' continued detention without such review "constitutes an ongoing violation of [his] right to due process."  *Id.*

Petitioners' failures to appear at immigration check-ins do not affect the Court's conclusion.  Although federal regulations allow for Petitioners' release to be revoked at any time, "Petitioner[s have] a liberty interest in Respondents properly revoking [their] conditional parole prior to detaining [them] again."  *Singh v. Noem*, 2026 WL 766228, at * 8 (D.N.M.).  Petitioners' parole may be revoked at the discretion of "the district director, acting district director, deputy district director, assistant district director for investigations, assistant district director for detention and deportation, or officer in charge."  8 C.F.R. §§ 236.1(c)(9), 1236.1(c)(9). "[R]evocation by a listed official is a necessary precondition to Petitioner[s] being taken into

custody and detained." *Singh*, 2025 WL 766228, at * 8.  Here, Respondents have not provided any argument or documentation demonstrating that one of the listed officers revoked Petitioners' conditional parole.  Respondents' failure to provide Petitioners' adequate process as authorized by Congress violates their right to due process.

> **C.      *The proper remedy is release***

The Court next turns to the appropriate remedy.  Federal courts are authorized under § 2243 to "dispose of [a habeas petition] as law and justice require" and thus possess broad discretion to fashion appropriate relief.  *Clayton v. Jones*, 700 F.3d 435, 443 (10th Cir. 2012); *see also Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (noting that a federal court "possesses power to grant *any form of relief necessary* to satisfy the requirement of justice") (emphasis in original).  Given the Government's conduct here, release is warranted.  *See Singh v. Carnes*, 2026 WL 446579, at *1 (D.N.M.) (ordering release where the Government "failed to articulate a legitimate interest in Petitioner's continued detention"); *Palomeque-Carrion v. Bondi*, 2026 WL 895567, at *2 (D.N.M.) (same); *Alfaro Herrera v. Baltazar*, 2026 WL 91470, at *1 (D. Colo.) (same).

## IV.     *Conclusion*

For the reasons above, the Court orders that:

1.  The Petition for Writ of Habeas Corpus, Doc. 1, is granted.  Respondents shall release Petitioners within 24 hours of this Order.  Respondents shall not impose any new conditions of release beyond those in place prior to Petitioners' detention.

2.  Respondents are enjoined from redetaining Petitioners absent a predetention hearing before a neutral Immigration Judge under § 1226(a), at which Respondents must establish, by clear and convincing evidence, that Petitioners pose a danger or flight risk.

3.  Respondents shall file a status report within ten (10) business days of this Order

    certifying compliance.

4.  Petitioners' Motion for a Temporary Restraining Order, Doc. 4, is denied as moot.


    IT IS SO ORDERED.

                                            /s/ Kenneth J. Gonzales
                                            CHIEF UNITED STATES DISTRICT JUDGE

                                            • Please note that this document has been
                                              electronically filed.  To verify its authenticity,
                                              please refer to the Digital File Stamp on the NEF
                                              (Notice of Electronic Filing) accompanying this
                                              document.  Electronically filed documents can be
                                              found on the court's PACER public access
                                              system.